UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA : CR 07 094 S

v. : CR. No.

MIKAEL STEPANIAN :

FILED
JUN 19 2007
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, MIKAEL STEPANIAN , have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a two-count Information which charges the defendant with: (i) conspiring to traffic in and use one or more unauthorized access devices during a one-year period and, by such conduct, to obtain things of value aggregating $1,000 or more, contrary to 18 U.S.C. § 1029(a)(2), in violation of 18 U.S.C. § 371 (Count One), and (ii) knowingly possessing and using, without lawful authority, means of identification of other persons during and in relation to the felony of conspiracy to traffic in and use one or more unauthorized access devices, in violation of 18 U.S.C.

§§ 1028A(a)(1) and (c)(4) (Count Two). Defendant further agrees that the time between the filing of the plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act. (18 U.S.C. § 3161).

2. Government's Obligations. In exchange for Defendant's waiver of indictment and plea of guilty:

a. The government will recommend that the Court impose a term of imprisonment at the low end of the range of sentences for the offense level determined by the Court under the Guidelines.

b. For purposes of determining the offense level, the government agrees to recommend a 2-level reduction in the offense level for acceptance of responsibility under §3E1.1(a) of the guidelines if Defendant continues to demonstrate his acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial. If the offense level is 16 or greater, the government will move the sentencing court for an additional decrease of 1 level, pursuant to U.S.S.G. § 3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

e. The parties agree that the amount of loss involved in the offense is more than $120,000 but less than $200,000 and therefore that a 10-level adjustment applies pursuant to U.S.S.G. § 2B1.1(b)(1)(F).

f. The government agrees that it will not seek an adjustment for an aggravating role in the offense pursuant to U.S.S.G. § 3B1.1.

3. Defendant understands that the Guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. Except as expressly provided in paragraph 2 above, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guideline calculation.

5. The maximum and minimum statutory penalties for the offenses to which Defendant is pleading are as follows:

Count One:

a. A maximum term of imprisonment of 5 years;

b. a fine of up to $250,000 or twice the pecuniary gain or loss to the victim, whichever is greater;

c. a term of supervised release of up to 3 years; and

d. a mandatory special assessment of $100.00.

Count Two:

a. A minimum term of imprisonment of 2 years in addition to the term of imprisonment imposed on Count One;

b. a fine of up to $250,000;

c. a term of supervised release of up to 1 year; and

d. a mandatory special assessment of $100.00

Together, the maximum and minimum statutory penalties for the offenses to which Defendant is pleading are as follows: (1) a statutory minimum term of imprisonment of 2 years and a statutory maximum term of imprisonment of 7 years, (2) a maximum fine of up to $500,000 or twice the pecuniary gain or gross loss as a

result of the offense, whichever is greater, (3) a term of supervised release of up to 4 years, and (4) a mandatory special assessment of $200.00.

6. Defendant agrees that after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessment. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the Guidelines for Acceptance of Responsibility.

7. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

b. Defendant has the right to plead not guilty;

c. He has the right to a jury trial;

d. He has the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and every other stage of the proceeding;

e. He has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses the witnesses against him; and that

f. Defendant waives these trial rights if the court accepts a plea of guilty.

g. Defendant has also been advised that the government has in its possession items of physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of these items. Defendant understands that he could request DNA testing of evidence in this case in the current proceedings. Defendant further understands that, if this court enters a judgment of conviction for the offenses to which he is about to plead guilty, Defendant could request DNA testing of evidence in this case after conviction under the conditions specified in 18 U.S.C. § 3600.

Knowing and understanding his right to request DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that he will never have

another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is innocent of the offenses to which he is pleading guilty.

8. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

9. Defendant understands that the Court alone makes all sentencing decisions, including the application of the Guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that, even if the Court's guideline determinations and sentence are different than he expects, Defendant will not be allowed to withdraw his plea of guilty.

10. This agreement is binding on the government only if Defendant pleads guilty, fulfills all his obligations under the agreement, does not engage in any conduct constituting obstruction of justice under §3C1.1 of the guidelines, and does not commit any new offenses and does not otherwise violate the terms of his release

pending sentence. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw his guilty plea.

11. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

12. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

13. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives his right to file a direct appeal if the sentence imposed by the Court for Count One is 37 months imprisonment or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

14. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

15. Defendant states that he has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| MIKAEL STEPANIAN<br>Defendant | 6/16/07<br>Date |
| Barry Schulman<br>BARRY SCHULMAN, ESQ.<br>Counsel for Defendant | 6/16/07<br>Date |
| LEE H. VILKER<br>Assistant U.S. Attorney | 6/19/07<br>Date |
| STEPHEN G. DAMBRUCH<br>Criminal Chief | 06/19/2007<br>Date |